**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
ANTHONY A. SHARP,                                   )
                                                    )
                         Plaintiff,                 )
                                                    )
             v.                                     )   Civil Action No. 19-1188 (EGS)
                                                    )
ROBERT WILKIE, *et al.*,                            )
                                                    )
                         Defendants.                )
_____             )

## MEMORANDUM OPINION

This matter is before the Court on the Defendants' Motion to Dismiss (ECF No. 17) and

supporting memorandum (ECF No. 17-1, "Defs.' Mem."), Plaintiff's Reply to Defendant's

Motion to Dismiss (ECF No. 19, "Pl.'s Opp'n") and Reply to Plaintiff's Opposition to

Defendants' Motion to Dismiss (ECF No. 20, "Reply")).  For the reasons discussed below, the

Court grants defendants' motion.

## I. BACKGROUND

Plaintiff identifies his biological parents as Ollie Sharp, a deceased veteran of the United

States Army, and Terri Lee Sharp.[1]  *See* Compl. at 13 (page numbers designated by ECF).  As

the son of an Army veteran, plaintiff believes that he is entitled to collect survivor benefits.  *See*

Compl. 5, 10-12; Pl.'s Opp'n at 3-4.

_____

[1] Plaintiff allegedly is the product of rape and incest.  He states that Ollie Sharp raped his
daughter, Terri Lee Sharp, when she was 16 years of age.  *See* Compl. at 13; Pl.'s Opp'n at 3.
The child Terri Lee Sharp bore in 1966 – plaintiff – is Ollie Sharp's grandson and son.  *See* Pl.'s
Opp'n at 3.  According to plaintiff, Ollie Sharp's name is not listed on his birth certificate, and
plaintiff did not learn of his father's identity until 1989.  *See* Compl. at 13.

In 2007, plaintiff submitted to the Veterans Administration ("VA") an application for survivors benefits. *See* Compl. at 10; Pl.'s Opp'n at 1. VA denied the claim in 2010 because plaintiff had no physical proof that Ollie Sharp is his biological father. *See* Compl. at 10; Pl.'s Opp'n at 2. In or about 2012, plaintiff alleged, his mother obtained a video recording of Ollie Sharp's admission under oath that he is plaintiff's father. *See* Compl. at 11; Pl.'s Opp'n at 2. According to plaintiff, his mother sent the recording to the VA, yet the VA has no record of having received it. *See* Compl. at 11-12; Pl.'s Opp'n at 2-3.

Plaintiff purports to bring this action under 42 U.S.C. § 1983. He names four defendants: Robert Willkie, Secretary of Veterans Affairs; Laura H. Eskenazi, former Under Secretary for Benefits; Dr. Paul R. Lawrence, current Under Secretary for Benefits; and Cheryl Mason, Chair of the Board of Veterans' Appeals. *See* Compl. at 8-9. Plaintiff alleges conspiracy, Fifth and Eighth Amendment violations, and breach of duty, among other claims. *See id*. at 6-8. He demands an award of $190,000 to include survivors benefits which the VA allegedly has refused to pay. *Id*. at 5. In addition, plaintiff appears to raise two tort claims, "emotional infliction distress" and "loss of property, evidence," for which he demands compensatory damages. *Id*.

## II. DISCUSSION

### A. Dismissal Under Rule 12(b)(1)

Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *See generally* Defs.' Mem. at 3-9.

Because "[f]ederal courts are courts of limited jurisdiction, . . . [i]t is . . . presumed that a cause lies outside this limited jurisdiction[.]'" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A plaintiff bears the burden of establishing a basis for the Court's

jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In assessing whether

it has jurisdiction, the Court "assume[s] the truth of all material factual allegations in the

complaint and construe[s] the complaint liberally, granting plaintiff the benefit of all inferences

that can be derived from the facts alleged[.]" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139

(D.C. Cir. 2011) (internal quotation marks and citations omitted). However, the Court "need not

limit itself to the allegations of the complaint," but rather "may consider such materials outside

the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction in the

case." *Rann v. Chao*, 154 F. Supp. 2d 61, 61 (D.D.C. 2001).

B. Veterans' Judicial Review Act

The Veterans' Judicial Review Act ("VJRA") in relevant part provides:

> The Secretary [of Veterans Affairs] shall decide all questions of law
> and fact necessary to a decision by the Secretary under a law that
> affects the provision of benefits by the Secretary to veterans or the
> dependents or survivors of veterans . . . . [T]he decision of the
> Secretary as to any such question shall be final and conclusive and
> may not be reviewed by any other official or by any court, whether
> by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a).[2] Consequently, "review of decisions made in the context of an individual

veteran's VA benefits proceedings [is] beyond the jurisdiction of federal courts outside the

review scheme established by the VJRA." *Veterans for Common Sense v. Shinseki*, 678 F.3d

1013, 1023 (9th Cir. 2012). This review scheme channels a challenge to the Secretary's benefits

determination "from 'the Board of Veterans' Appeals, then to the Court of Appeals for Veterans'

Claims, to the Federal Circuit, and ultimately to the Supreme Court.'" *Van Allen v. U.S. Dep't of*

---

[2] The VJRA does permit judicial review of matters "including review of rules and regulations, servicemembers' group life insurance, and other suits related to insurance, housing and small business loans." *Villanueva Hernandez v. Veterans Admin.*, No. 16-CV-1034, 2018 WL 1721753, at *3 (D.P.R. Mar. 30, 2018) (citing 38 U.S.C. § 511(b)). None of these matters arise in this case.

*Veterans Affairs*, 925 F. Supp. 2d 119, 125-26 (D.D.C. 2013) (quoting *Thomas v. Principi,* 394 F.3d 970, 973–74 (D.C. Cir. 2005) (citing 38 U.S.C. §§ 7104(a), 7252(a), 7292(c))); *see Farley v. U.S. Dep't of Veterans Affairs Cheyenne Reg'l Benefits Office*, No. 09-CV-218, 2010 WL 11596947, at *2 (D. Wyo. Mar. 29, 2010) ("Here, the United States has not waived its sovereign immunity for review of Department of Veterans Affairs decisions by any court other than the United States Court of Appeals for Veterans Claims, the Unites States Court of Appeals for the Federal Circuit, and the United States Supreme Court.").  This is so "even if the veteran dresses his claim as a constitutional challenge." *Veterans for Common Sense*, 678 F.3d at 1023 (citations omitted); *see Larrabee by Jones v. Derwinski*, 968 F.2d 1497, 1501 (2d Cir. 1992) (concluding that district court lacked jurisdiction to entertain veteran's claims that defendants violated his due process rights regarding his medical care).

The claims plaintiff raises necessarily call for review of the Secretary's decision to deny his application for survivors benefits.  The VJRA strips this Court of jurisdiction to do so.  *Van Allen*, 925 F. Supp. 2d at 125 (stating that federal "[d]istrict courts are explicitly deprived of jurisdiction to review any claim made by the VA 'that affects the provision of benefits . . . to veterans'") (quoting 38 U.S.C. § 511); *see Wolff v. U.S. Dep't of Veterans Affairs*, No. 18-CV-10162, 2018 WL 3104081, at *2 (D. Mass. June 20, 2018) (concluding that district court had no jurisdiction over veteran's "claims that he should not have to reimburse the overpayment [of service-connected disability benefit], that the VA failed to investigate fraudulent conduct concern, and that he did not receive educational benefits").  If plaintiff is entitled to relief, he must proceed from the Board of Veterans' Appeals to the Court of Appeals for Veterans Claims, then to the Federal Circuit.  *See Walton v. Sec'y Veterans Admin.*, 187 F. Supp. 3d 1317, 1326 (N.D. Ala. 2016) (citing 38 U.S.C. §§ 7104, 7252, 7292).  And "to the extent [p]laintiff attempts

to couch his claims for benefits as a deprivation of constitutional rights, that maneuver cannot rescue him from dismissal." *Id.*; *see Veterans for Common Sense*, 678 F.3d at 1023; *Cheves v. Dep't of Veterans Affairs*, 227 F. Supp. 2d 1237, 1246-47 (M.D. Fla. 2002) (finding that claim alleging disparate treat by VA of African American veterans' claims actually was benefits claim over which district court had no jurisdiction).

C. Sovereign Immunity

"It long has been established . . . that the United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Any such "waiver of sovereign immunity must be unequivocally expressed in statutory text." *FAA v. Cooper*, 566 U.S. 284, 290 (2012) (citations and internal quotation marks omitted); *see United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992). If the statutory language is ambiguous, it is "construed in favor of immunity," *Cooper*, 566 U.S. at 290 (citing *Lane v. Peña*, 518 U.S. 187, 192 (1996)). Sovereign immunity extends not only to federal government agencies, but also to federal officials sued in their official capacities. *See Jackson v. Donovan*, 844 F. Supp. 2d 74, 76 (D.D.C. 2012) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)), *aff'd sub nom. Jackson v. Todman*, 516 F. App'x 3 (D.C. Cir. 2013).

The Federal Tort Claims Act ("FTCA") is a limited waiver of sovereign immunity which "renders the United States subject to suit for certain – but not all – tort claims." *Atherton v. United States*, 174 F. Supp. 3d 359, 363 (D.D.C. 2016); *Johnson v. Veterans Affairs Med. Ctr.*, 133 F. Supp. 3d 10, 15 (D.D.C. 2015) (stating that the FTCA "makes the federal government liable to the same extent as a private individual for certain torts of federal employees acting

within the scope of their employment").  Plaintiff's purported civil rights claims against

defendants, all of whom are federal government officials sued in their official capacities,

necessarily fail because the FTCA does not waive the United States' immunity from suit for a

constitutional claim.  *See, e.g.*, *Boling v. U.S. Parole Comm'n*, 290 F. Supp. 3d 37, 46 (D.D.C.

2017) ("[T]he law is well established that Congress has not waived the United States' immunity

with respect to tort claims arising under the Constitution."), *aff'd*, No. 17-5285, 2018 WL

6721354 (D.C. Cir. Dec. 19, 2018).

The Court has reviewed plaintiff's remaining claims, *see generally* Compl. at 6-8 (Claims

2, 3, 4, 6, 8 and 10) and concludes that the complaint alleges far too facts to state viable legal

claims.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding that a claim is facially plausible

"when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference

that the defendant is liable for the misconduct alleged").

III. CONCLUSION

Because the Court lacks subject matter jurisdiction over plaintiff's claims, defendants'

motion to dismiss the complaint is granted, and "Plaintiff['s] Request an Order for the Body of

Ollie Sharp Be Exhumes for Purpose of DNA Testing" (ECF No. 11) and "Motion Request for

Court Order (Regarding Evidence)" (ECF No. 12) are denied.  An Order is issued separately.


DATE: February 24, 2020                        /s/
                                               EMMET G. SULLIVAN
                                               United States District Judge